Briles, Inc. v. Commissioner.
Briles, Inc. v. Commissioner
Docket No. 8762.
United States Tax Court
1947 Tax Ct. Memo LEXIS 96; 6 T.C.M. (CCH) 996; T.C.M. (RIA) 47243; August 28, 1947
*96 Israel Rumizen, Esq., 910 Walbridge Bldg., Buffalo, N.Y., for the petitioner. Thomas R. Charshee, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined deficiencies of $1,200.71 in income tax and $430.80 in declared value excess profits tax for 1942. The only error alleged in such determination is the disallowance of portions of the compensation of petitioner's officers. Findings of Fact The petitioner is a corporation with its office located at 428 Brisbane Building, Buffalo, New York. Its return for the taxable year 1942 was filed with the collector of internal revenue for the 28th district of New York. The petitioner was organized in 1939 to engage in the real estate business. Its activities consist principally of purchasing tax liens and tax certificates on properties which are encumbered with tax liens, collecting the rents thereon and holding the properties for sale. The petitioner, in 1942, had outstanding 100 shares of capital stock, of which Leon H. Rubin owned 30 shares; his father, Samuel H. Rubin, 35 shares; and his mother, Esther Rubin, 35 shares. Leon H. Rubin was president of the company, Samuel *97 H. Rubin, secretary and treasurer, and Esther Rubin, vice-president. Those officers were also the directors of the corporation. The petitioner's business was conducted, for the most part, by Leon H. Rubin. He was a licensed real estate broker and transacted all of the company's purchases and sales of properties. He also did the title searching and investigating required in selecting the properties to be purchased, drew up contracts and mortgages, and performed other services. Most of the properties dealt in were rental properties located in the poorer sections of Buffalo, and usually were in a run-down condition. Leon H. Rubin was also president of another corporation, Lisber Realty Corporation, which was engaged in a similar business. He devoted approximately three-fourths of his working time to the petitioner and one-fourth to Lisber Realty Corporation. He received a salary from that corporation of $1,040 in 1942. Samuel H. Rubin looked after the repairs on the properties purchased by the petitioner, collected rents, and performed other services of that nature. The repairs and upkeep averaged about $17 per parcel in 1942. Esther Rubin did not perform any services for the *98 petitioner outside of her home. She took telephone calls at her home and helped with other matters that came to her attention. The petitioner filed an income and declared value excess profits tax return for 1942, in which it reported a gross income of $19,078.24 and a net income of $4,606.71. It claimed a deduction for salaries of $7,800 for Leon H. Rubin; $5,200 for Samuel H. Rubin; and $1,040 for Esther Rubin. The respondent determined in his deficiency notice that reasonable salaries for those officers were: $6,000, $3,000 and $520, respectively. The salaries of the officers for 1942 were not fixed by the directors until after the close of the taxable year. The petitioner paid no dividends to its stockholders in the taxable year of 1942 or prior years. A reasonable allowance for compensation for services performed by the petitioner's officers in 1942 is as follows: Leon H. Rubin, $7,000; Samuel H. Rubin, $3,000; Esther Rubin, $520. Opinion LeMIRE, Judge: The petitioner is strictly a family corporation, with the son, Leon H. Rubin, in control. He and his father and mother own all of the capital stock and are the only officers and directors of the corporation. They were, *99 thus, in a position to fix their compensation for the taxable year 1942 at whatever amounts they might choose. The only evidence before us of the services actually performed by any of these officers is the testimony of Leon H. Rubin, its president. Two other witnesses offered their opinion as to the value of the services performed by Leon H. Rubin. There is also evidence as to petitioner's capitalization, earnings, and dividend record. Based on the evidence before us, we have determined a reasonable allowance for compensation for petitioner's officers in 1942, as set forth above in our findings of fact. Decision will be entered under Rule 50.